## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02898-REB-KLM

NAKIKO DIALLO,

     Plaintiff,

v.

MATTHEW MILLIGAN, in his personal capacity; and
CITY OF AURORA,

     Defendants.

---

### DEFENDANT MATTHEW MILLIGAN'S MOTION TO DISMISS

---

COMES NOW, Defendants Matthew Milligan by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss all of Plaintiff's claims.

### INTRODUCTION

Plaintiff filed his First Amended Complaint on December 20, 2018, alleging violations of 42 U.S.C. § 1983 through the Fourth and Fourteenth Amendments against Defendant Milligan and the City of Aurora, and a *Monell* claim against the City of Aurora. The claims arise from a traffic stop of the Plaintiff by Defendant Milligan, an Aurora Police Officer, which resulted in criminal charges against Plaintiff for driving under the influence of alcohol and possession/distribution of controlled substances. Plaintiff was acquitted of the charges following a trial. Plaintiff brings this action alleging he was detained, arrested, prosecuted, and his vehicle was searched without probable cause in violation of his constitutional rights. Plaintiff also alleges Officer Milligan was motivated by racial bias.

1

Plaintiff's claims against Officer Milligan should be dismissed under Fed. R. Civ. P. 12(b)(6) because the issues raised in all claims have previously been litigated in state court and the court found against the Plaintiff and Plaintiff does not plead sufficient facts to form a plausibility that Officer Milligan was motivated by a racial bias.

## UNDERLYING FACTS

On November 9, 2016, Defendant Milligan conducted a traffic stop of Plaintiff, who was driving a vehicle at night with defective tail lights. [Doc 17, p. 6.] Open alcohol containers were observed in Plaintiff's vehicle. *Id.* at p. 6-7.  Aurora Police Officers Jason Oviatt and his trainee, Alex Sotello, arrived to assist Officer Milligan. *Id.* at p. 6.

Officer Milligan requested Plaintiff perform roadside sobriety maneuvers, to which Plaintiff agreed. *Id.* at p. 7. Officer Sotelo administered the roadside maneuvers, and based on Plaintiff's performance of those maneuvers, took Plaintiff into custody for suspicion of driving under the influence. *Id.*; (Exhibit F, *Transcript of Motions Hearing June 7, 2018* p. 104-08.)

The location in which Plaintiff's vehicle was parked was known to Officer Milligan as a high crime area (Exhibit F, p. 10), and Plaintiff's vehicle was not safe to drive and was a hazard that could not be left at that location. (Exhibit F, p. 21-23.) Officer Milligan decided to tow Plaintiff's vehicle for safekeeping and performed an inventory search of the vehicle prior to the tow. *Id.*

While searching Plaintiff's vehicle, Officer Milligan observed a cooler lunchbox on a seat inside of Plaintiff's vehicle. (Exhibit F, p. 24.) Officer Milligan opened the lunchbox, which had several compartments, and observed what he believed to be illegal narcotics

and packaging materials. (Exhibit F, p. 25.) Officer Milligan is also a training officer, although, at the time of this contact, he did not have a trainee officer assigned to him. *Id.* Officer Milligan decided to close the lunchbox and have trainee Officer Sotelo conduct the same search as a way to train Officer Sotelo to conduct a thorough search. *Id.* at p. 26.

Officer Milligan observed as Officer Sotelo searched the same lunchbox. *Id.* at 26-27. Officer Sotelo opened a different compartment in the lunchbox than Officer Milligan and moved on in his search without discovering the items Officer Milligan had observed. *Id.* Officer Milligan corrected Officer Sotelo and had him recheck the lunchbox. *Id.* at p. 27. This time, Officer Sotelo discovered the narcotics, packaging material, and digital scale. *Id.* Plaintiff was charged with driving under the influence, possession of a controlled substance, and possession/distribution of a controlled substance. [Doc 17, p. 8.]

On April 13, 2017, Plaintiff's criminal defense counsel filed two motions in state court that are pertinent here, one seeking dismissal based on outrageous governmental conduct, alleging Officer Milligan planted the cocaine evidence in Plaintiff's lunchbox (Exhibit A, *Motion to Dismiss Due to Outrageous Government Conduct in Violation of Defendant's Due Process Rights Under Colorado and United States Constitutions)* and the other seeking dismissal or suppression of evidence for an allegedly illegal inventory search (Exhibit B, *Motion to Dismiss and/or Suppress Evidence Due to Unlawful Search in Violation of Defendant's Fourth Amendment Rights and in Violation of His Due Process Rights Under State and Federal Constitutions*). On June 5, 2017, Plaintiff filed two additional motions, one seeking dismissal or suppression of the evidence based on a purportedly illegal seizure, asserting that no probable cause existed to arrest Plaintiff

3

(Exhibit C, *Motion to Dismiss and/or Suppress All Evidence Obtained After Unlawful Arrest (Express Consent and Refusal) In Violation of Defendant's Due Process Rights Pursuant to Fourteenth Amendment*). The second motion also sought dismissal or suppression of evidence, asserting that Plaintiff had been detained for an unconstitutionally long period of time before being arrested (Exhibit D, *Motion to Dismiss and/or Suppress All Evidence Obtained After Unlawful Seizure of Defendant Based on an Unreasonable Length of Time Detaining Defendant in Violation of State and Federal Protecitons* [sic] *Pursuant to the Fourth and Fourteenth Amendments*).

In Plaintiff's motion to dismiss due to outrageous government conduct, Plaintiff alleged Officer Milligan planted the drugs in the lunchbox for Officer Sotelo to find. (Exhibit A, p. 3.). Plaintiff asked the court to dismiss the criminal charges due to the government's alleged outrageous conduct in planting evidence and charging him with those related crimes. *Id.* at p. 5.

In Plaintiff's Motion to Dismiss or Suppress based on an illegal inventory search, Plaintiff alleged that Officer Milligan conducted an illegal search of Plaintiff's vehicle under the guise of an inventory search. (Exhibit B.) Plaintiff alleged that the search was illegal because it was an investigatory search rather than an inventory search and asked the court to dismiss the case or suppress evidence based on this purportedly illegal search. *Id.* at p. 7-8.

In Plaintiff's Motion to Dismiss or Suppress based on an allegedly unlawful arrest, Plaintiff asserted that he was sober at the time of the police contact, and therefore, no probable cause existed to arrest and the subsequent search was also illegal. (Exhibit C)

Of note, Plaintiff admitted in this motion that his taillight was out (*Id.* at p. 1.) and there was alcohol in his vehicle, including an opened bottle of hard liquor and beer. *Id.* at p. 2.

On May 30, June 7, and June 8, 2017, a motions hearing was conducted by Judge Patricia Herron, where the issues raised in Plaintiff's motions were litigated. (Exhibit E *Transcript for Motions Hearing, May 30, 2017*); (Exhibit F); (Exhibit G *Transcript for Motions Hearing, June 8, 2017*). Under Colorado law, a criminal defendant has the right to compel the attendance of a witness or produce tangible evidence to any proceeding before the court. C.R.S. § 16-9-101(1). A criminal defendant may testify at a suppression hearing, the prosecution is barred from cross-examining the defendant beyond the scope of the direct examination, and the defendant may invoke his right against self-incrimination. *People v. Gomez-Garcia*, 224 P.3d 1019, 1023 (Colo. App. 2009).

In a Colorado court criminal proceeding that challenges the probable cause of a warrantless arrest by a police officer, the prosecution bears the burden to establish that the warrantless arrest was supported by probable cause. *People v. Washington*, 865 P.2d 145, 147 (Colo. 1994). Further, a warrantless search is presumed to violate the constitution, and the prosecution bears the burden to establish the warrantless search was supported by probable cause and legally justified under one of the narrowly defined exceptions to the warrant requirement. *People v. Winpigler*, 8 P.3d 439, 443 (Colo. 1999).

At the June 2017 motions hearing, the prosecution called Officer Milligan and Officer Sotelo to testify. (Exhibit F, p. 6-109.) Plaintiff's counsel extensively cross-examined the officers as to all the issues raised in the various motions and introduced

numerous exhibits, including body camera videos. *Id.* p. 23-101; p. 109-112. Although he could, Plaintiff did not call any witnesses of his own, nor did he testify on his behalf.

Following a second day of motions hearing (June 8, 2017), Judge Herron issued her ruling, finding that there was probable cause to arrest Plaintiff for driving under the influence. (Exhibit G at p. 7.) Judge Herron also found the length of the stop to be reasonable under the constitution (*id.* p. 57), and the search of the vehicle valid. *Id.* Judge Herron noted she took "some hours" to watch the videos "very, very carefully." *Id.* at p. 58. In her oral ruling, Judge Herron did not directly address the Motion for Dismissal due to Outrageous Government Conduct, however, the case was not dismissed, so it is plain the Judge did not grant this motion. Further, Plaintiff's counsel asked the court to reconsider its denial of defendant's motion for outrageous government conduct should any of the prints on the lunchbox belong to an officer. *Id.* p. 66-67.

## STANDARD OF REVIEW

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that

offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Complaint in this matter cannot withstand dismissal in light of the standards set forth above, and this brief now turns to analysis of Plaintiff's discrete claims.

## ARGUMENT

### A. Issue Preclusion prohibits an issue previously litigated in state court from being re-litigated in Federal court.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered. *Jiron v. City of Lakewood*, 392 F.3d 410, 415-416 (10th Cir. 2004). The Court applies state law to determine the preclusive effect of a state court judgment. *See Fox v. Maulding*, 112 F.3d 453, 456 (10th Cir. 1997); 28 U.S.C. § 1738. Claims and issues may be identical between criminal and civil proceedings if the elements needed to prove both claims or issues are the same.

*See Jiron,* 392 F.3d at 417; *See also A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy*, 93 P.3d 598, 602-603 (Colo. App. 2004).

Collateral estoppel, or "issue preclusion," prevents the re-litigation of discrete issues, rather than causes of action. *Foster v. Plock*, 394 P.3d 1119, 1123 (Colo. 2017). Once a particular issue is finally determined in one proceeding, parties to that proceeding are barred from re-litigating that particular issue again in a second proceeding, even when the actual claims for relief in the two proceedings are different. *Id.*

The doctrine of issue preclusion provides that a court's final decision on an issue actually litigated and decided in a previous suit is conclusive of that issue in a subsequent suit between the same parties or their privies and may not be re-litigated. *Carpenter v. Young*, 773 P.2d 561, 565 (Colo. 1989). The doctrine of issue preclusion bars re-litigation of an issue when:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;
> (2) The party against whom estoppel was sought was a party to or was in privity with the party to the prior proceeding;
> (3) There was a final judgment on the merits in the prior proceeding; and
> (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*McNichols v. Elk Dance Colo.*, LLC, 139 P.3d 660, 667 (Colo. 2006). As will be shown below, all these elements are satisfied here with respect to the existence of probable cause and the lawfulness of the vehicle search.

The first element is whether the issue precluded is identical to an issue actually and necessarily adjudicated in the prior proceeding. For the issue to have been actually litigated, the parties must have raised it in a prior action, and it must have been necessary

to the final outcome. *McLane Western, Inc. v. Dep't of Revenue*, 199 P.3d 752, 759 (Colo. App. 2008).

The second element is whether the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding. With regard to this element, Plaintiff here was a party (defendant) in the previous case, and estoppel is being sought against him, so this element is satisfied with regards to all claims in this case.

The third element is whether there was a final judgment on the merits in the prior proceeding. "However, for purposes of issue preclusion (as distinguished from [claim preclusion]), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Knox v. Lederle Labs.*, 4 F.3d 875, 880 (10th Cir. 1993). A judgment must be "sufficiently firm" in the sense that it was not tentative, the parties had an opportunity to be heard, and there was an opportunity for review. *Carpenter v. Young*, 773 P.2d 561, 568 (Colo. 1989). A motion to dismiss or suppress previously litigated in a state court is sufficiently firm to preclude further litigation in Federal court. *See Cook v. Aagard*, 2012 U.S. Dist. LEXIS 167425, *22 (D. Utah 2012).

The final element is whether the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. Factors determinative of whether an individual received a full and fair opportunity to litigate include: whether the remedies and procedures of the first proceeding are substantially different from the second proceeding; whether the party had sufficient incentive to litigate

vigorously; and the extent to which the issues are identical. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 87 (Colo. 1999).

### B. Plaintiff is precluded from re-litigating whether Plaintiff's search and detention were lawful.

Plaintiff's First Claim for Relief, Unlawful Search and Detention in Violation of the Fourth Amendment, essentially contains two allegations: 1) Officer Milligan unlawfully detained Plaintiff without probable cause after Plaintiff successfully completed roadside sobriety maneuvers (a "false imprisonment" claim); and 2) the search of Plaintiff's vehicle was unlawful.

To maintain a false imprisonment claim under § 1983, a plaintiff must demonstrate the elements of a common law claim and show that his Fourth Amendment right to be free from unreasonable search and seizure has been violated. *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996). A claim for false imprisonment cannot stand if there was probable cause to arrest. *Rose v. City & County of Denver*, 990 P.2d 1120, 1123 (Colo. Ct. App. 1999). The issue of whether there was probable cause to arrest and charge Plaintiff with driving under the influence is identical between Plaintiff's state criminal case and the case at bar.

The first element of issue preclusion is whether the issue precluded is identical to an issue actually and necessarily adjudicated in the prior proceeding. When Plaintiff challenged the probable cause for the driving under the influence charge, a determination that there was probable cause to sustain the charge was necessary for the criminal proceedings to continue. As this issue was actually and necessarily litigated upon the Plaintiff's Motion in his criminal case, this first element is met.

The second element is also met for all claims and is discussed *supra* on p. 8.

The third element is whether there was a final judgment on the merits in the prior proceeding. The merits of whether probable cause existed were litigated at this hearing, both parties had an opportunity to be heard, and there was an opportunity for judicial review. Judge Herron' final judgment is a sufficiently firm judgment to apply issue preclusion here.

In *Cook v. Aagard*, 2012 U.S. Dist. LEXIS 167425, *22 (D. Utah 2012), a plaintiff brought an action in Federal court alleging a lack of probable cause to support his arrest for marijuana possession in state court. Previously, this plaintiff had challenged the probable cause for his arrest for marijuana possession in Utah state court during his criminal proceedings. The state judge ruled against the defendant, finding there was probable cause to support the charge. *Id.* at *13. In the subsequent Federal civil suit, the District Court applied issue preclusion and determined that the state court judge's order denying the Motion to Dismiss/Suppress in the state criminal case was a sufficiently firm judgment to preclude the issue from being relitigated in Federal court. *Id* at *25. Applying the *Cook* analysis here, Plaintiff's claim of false arrest and imprisonment are barred.

The final element necessary for the application of the issue preclusion doctrine is whether the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. As in *Cook*, the Plaintiff here had the power to subpoena and compel witnesses to testify, cross-examine the state's witnesses and present evidence. *See Cook*, at *21. Indeed, the procedures available to Plaintiff in the criminal proceeding were more favorable to Plaintiff in the criminal setting – he has

constitutional rights to exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); rights to all the state's discovery pursuant to Colo. R. Crim. P. Rule 16; and a burden of proof that is placed on the prosecution. Plaintiff's incentive to litigate in the criminal case is heightened as his liberty was in jeopardy. *See A-1 Auto Repair & Detail,* 93 P.3d at 603. Plaintiff is precluded from re-litigating the issue of probable cause here.

Also in the same First Claim for Relief, Plaintiff alleges the subsequent search of his vehicle was unlawful. The government may search a vehicle without a warrant when the search falls into one of the well-defined exceptions to the Fourth Amendment. *United States v. Killblane*, 662 Fed. Appx. 615, 617 (10th Cir. 2016). An inventory search is a well-defined exception to the warrant requirement of the Fourth Amendment. *Id.*

When applying each of the four issue preclusion elements to an analysis of whether the search of Plaintiff's vehicle was constitutional, it cannot be disputed that this issue was actually and necessarily litigated in the criminal proceeding as it directly bore on the legitimacy of the drug charges against Plaintiff. The merits of the legality of the search were litigated in the motions hearing, and the District Court found the search at issue was valid and constitutional. The Plaintiff had a full and fair opportunity to litigate the legality of the search. Plaintiff is now barred from re-litigating this issue here and the claim should be dismissed.

**C. The underlying issues associated with Plaintiff's claim of Malicious Prosecution have been previously litigated and resolved against the Plaintiff barring his ability to re-litigate such issues.**

Plaintiff's Second Claim for Relief alleges that Officer Milligan maliciously prosecuted Plaintiff by instituting charges against Plaintiff for driving under the influence,

unlawful possession of a controlled substance, and unlawful possession of a controlled substance with intent to distribute without probable cause. [Doc. 17, p. 13-14.]  While Plaintiff must prove five separate elements to be successful in his malicious prosecution claim, he must prove specifically that *no probable cause existed* to support his arrest. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (emphasis added). Because the issue of probable cause has been previously litigated against Plaintiff, Plaintiff cannot meet this foundational element of his malicious prosecution claim and the claim is subject to dismissal as a result.

Probable cause as to the driving under the influence charge has been previously addressed *supra*. Probable cause as to the possession of narcotics and distribution materials charges was challenged by the Plaintiff in his Motion to Dismiss Due to Outrageous Government Conduct, which was denied. By alleging Officer Milligan had planted the evidence, the Plaintiff placed the burden on the prosecution to demonstrate probable cause for the charges. After a full hearing on this issue the District Court entered a final judgment on the issue of the existence of probable cause related to this charge, hence, Plaintiff cannot re-litigate this issue here for the reasons previously argued.

As lack of probable cause is a necessary element for a malicious prosecution claim, and because this issue has already been litigated and decided against Plaintiff, Plaintiff's second claim for relief must be dismissed.

**D. The underlying issues associated with Plaintiff's claim of Manufacturing False Inculpatory Evidence have been previously litigated and resolved against the Plaintiff barring his ability to re-litigate such issues.**

Plaintiff's Third Claim for Relief is Manufacturing False Inculpatory Evidence. [Doc 17, p. 14-15.] The issues supporting this claim were previously litigated in Plaintiff's Motion to Dismiss Due to Outrageous Government Conduct, as it alleges the same operative facts that were alleged in this claim – that Officer Milligan planted the drug evidence in Plaintiff's lunchbox.

The same analysis contained the previous sections apply here. The underlying facts of this claim were thoroughly litigated in the state criminal case. Plaintiff had a full and fair opportunity to litigate the issue of whether drugs were planted, had full incentive to vigorously defend himself in criminal court, and did indeed thoroughly litigate this issue. However, the court ruled against Plaintiff, and this Court should not permit Plaintiff's attempt to re-litigate this issue here. This Court should dismiss this claim.

### E. Plaintiff's claim of Racially Biased Policing should be dismissed for failing to meet the plausibility standard.

Plaintiff's Fourth Claim for Relief is Racially Biased Policing, alleging that Officer Milligan's unlawful detention, search, and arrest of Plaintiff was motivated by Plaintiff's race. [Doc 17, p. 16-17.] In support of that assertion, Plaintiff identifies two previous cases in which Officer Milligan was sued by other minorities. [Doc 17, p. 13-14] Plaintiff acknowledges Officer Milligan has been an Aurora Police Officer since at least 2003 (*id.* at p. 3), but lists only these two unsubstantiated accusations of conduct with minorities in a fifteen-year timespan as evidence that Officer Milligan acted with a racial bias towards this Plaintiff. This cursory allegation does not meet the minimum pleading standards and should be dismissed.

There are two methods of proving racially selective law enforcement: (i) direct evidence of the law enforcement officer's behavior during the events in question; or (ii) using statistical comparisons to draw an inference that a particular law enforcement action was motived by a discriminatory purpose. *United States v. Alabi*, 2012 U.S. Dist. LEXIS 188166, *157, 2013 WL 2284956 (D. N.M. 2012). Here, Plaintiff's complaint does not offer any direct evidence that Officer Milligan's behavior during the events of the subject incident showed that he was motivated by a racial bias, nor does alleging two unsubstantiated incidents involving minorities over a fifteen-year time span provide support for an inference that his conduct with Plaintiff was racially motivated. Plaintiff does not provide any statistical data that would suggest Officer Milligan biases his enforcement on racial characteristics. Plaintiff's complaint regarding racial bias does not provide the "plausible grounds" necessary to show discovery will support Plaintiff's claims. The Court should dismiss this claim for failing to meet the plausibility standard under *Iqbal*, *supra*.

## CONCLUSION

For the foregoing reasons, all claims against Defendant Milligan should be dismissed.

Dated and respectfully submitted this 11th day of February, 2019.

s/ Jeremiah J. Boies
Jeremiah J. Boies
Marc F. Colin
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, Colorado 80202
Tel (303) 831-1099; Fax (303) 831-1088
E-mail:  jboies@brunolawyers.com
           mcolin@brunolawyers.com
*Attorneys for Defendant Officer Milligan*

15

## CERTIFICATE OF SERVICE BY CM/ECF

I hereby certify that on this 11th day of February, 2019, I electronically filed the foregoing **DEFENDANTS' JOINT MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Brad Kloewer, Esq.
Furtado Law PC
3773 Cherry Creek N. Dr. #755
Denver, CO 80209
brad@furtadolaw.com
*Attorney for Plaintiff*


Isabelle Sabra Evans, Esq.
Peter R. Morales, Esq.
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012
E-mail: ievans@auroragov.org
pmorales@auroragov.org
*Attorney for Defendant City of Aurora*


*s/ Julie Bozeman*
Julie Bozeman, Paralegal
Bruno, Colin & Lowe, P.C.