**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 18-cv-02898-REB-KLM

NAKIKO DIALLO,

    Plaintiff,

v.

MATTHEW MILLIGAN, in his personal capacity, and
CITY OF AURORA,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

    This matter is before me on (1) **Defendant Milligan's Motion to Dismiss** [#18][1] filed February 11, 2019; (2) **Defendant City of Aurora's Motion to Dismiss** [#19] filed February 11, 2019; and (3) the **Recommendation of United States Magistrate Judge** [#39] filed July 23, 2019.  No objections to the recommendation were filed.  Therefore, I review the recommendation for plain error only.  *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much less plain error, in the recommendation, I find and conclude that recommendation should be approved and adopted as an order of this court.

    The claims asserted by the plaintiff are related to his arrest by an Aurora police officer on November 9, 2016.  The amended complaint [#17] is the subject of the

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

motions to dismiss [#18, #19].  Defendant Officer Matthew Milligan was one of the police officers involved in the arrest.  Officer Milligan is named as a defendant in claims one through four in the amended complaint [#17].  The City of Aurora is named as a defendant in claims four and five in the amended complaint [#17].  The claims against the City of Aurora are brought as so-called *Monell* claims.  *Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658 (1978).  The claims alleged in the amended complaint [#17] include:

> (1) Unlawful Search and Detention by Defendant Milligan in Violation of the Fourth Amendment;
>
> (2) Malicious Prosecution by Defendant Milligan in Violation of the Fourth and Fourteenth Amendments;
>
> (3) Manufacturing False Inculpatory Evidence by Defendant Milligan in Violation of the Fourteenth Amendment;
>
> (4) Racially Biased Policing by both Defendant Milligan and Defendant Aurora in Violation of the Fourteenth Amendment; and
>
> (5) Deliberately Indifferent Training, Supervision, and Discipline by Defendant Aurora Resulting in Constitutional Violations.

In the recommendation [#39], the magistrate judge provides a comprehensive analysis of the issues raised in the motions to dismiss.  Based on that analysis, she recommends that the motions to dismiss be granted as to both defendants concerning the fourth claim for relief for racially biased policing.  Otherwise, the magistrate judge recommends that the motion to dismiss be denied as to the other claims.  After de novo review, I concur with the analysis of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#39] is approved and adopted as an order of this court;

2. That **Defendant Milligan's Motion to Dismiss** [#18] is granted in part;

3. That under Fed. R. Civ. P. 12(b)(6), the fourth claim for relief for racially biased policing, is dismissed without prejudice as to defendant, Matthew Milligan;

3. That under Fed. R. Civ. P. 12(b)(6), **Defendant Milligan's Motion to Dismiss** [#18] otherwise is denied;

4. That **Defendant City of Aurora's Motion to Dismiss** [#19] is granted in part;

5. That under Fed. R. Civ. P. 12(b)(6), the fourth claim for relief for racially biased policing, is dismissed without prejudice as to defendant, City of Aurora; and

6. That under Fed. R. Civ. P. 12(b)(6), **Defendant City of Aurora's Motion to Dismiss** [#19] otherwise is denied.

Dated September 17, 2019, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge