# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02898-REB-KLM

NAKIKO DIALLO,

    Plaintiff,

v.

MATTHEW MILLIGAN, in his personal capacity; and
CITY OF AURORA,

    Defendants.

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

---

COMES NOW, Defendants Matthew Milligan and the City of Aurora, by and through their undersigned counsel, and hereby submit this Answer to Plaintiff's Amended Complaint [Doc 17] as follows:

### INTRODUCTION

1. With regard to the allegations and averments in paragraph 1 of the Amended Complaint, Defendants admit that Plaintiff is an African-American male. Defendants are without sufficient knowledge or information thereof to form a belief as to the truth or falsity of the remaining allegations and averments in paragraph 1 of the Amended Complaint and, therefore, deny the same.

2. With regard to the allegations and averments in paragraph 2 of the Amended Complaint, Defendants admit that Defendant Milligan, in his capacity as a City of Aurora Police Officer, initiated a traffic stop of Plaintiff shortly before midnight on

November 9, 2016. Defendants deny the remaining allegations and averments in paragraph 2 of the Amended Complaint.

3. With regard to the allegations and averments in paragraph 3 of the Amended Complaint, Defendants admit that Plaintiff spent an extended period in jail awaiting trial and that he was found not guilty by a jury on traffic and criminal charges on April 13, 2018. Defendants deny the remaining allegations and averments in paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations and averments in paragraph 4 of the Amended Complaint.

**Answer to Section II Jurisdiction and Venue**

5. Defendants admit the allegations and averments in paragraphs 5 and 6 of the Amended Complaint.

**Answer to Section III Parties**

6. With regard to the allegations and averments in paragraph 7 of the Amended Complaint, Defendants are without sufficient knowledge or information thereof to form a belief as to the truth or falsity of the allegations and averments in paragraph 7 of the Amended Complaint and, therefore, deny the same.

7. Defendants admit the allegations and averments in paragraphs 8 and 9 of the Amended Complaint.

**Answer to Section IV Factual Allegations**

8. Defendants deny the allegations and averments in paragraphs 11, 12, 15, 18, 19, 20, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, and 44 of the Amended Complaint.

9. With regard to the allegations and averments in paragraph 10 of the Amended Complaint, Defendants admit that Defendant Milligan has been employed as a police officer by the City of Aurora since at least 2003. With regard to the remaining allegations and averments in paragraph 10 of the Amended Complaint, Defendants are without sufficient knowledge or information thereof to form a belief as to the truth or falsity of the remaining allegations and averments in paragraph 10 of the Amended Complaint and, therefore, deny the same.

10. With regard to the allegations and averments in paragraph 13 of the Amended Complaint, Defendants admit that Defendant Milligan was named in a lawsuit filed by Marquise Harris and that the lawsuit was subsequently dismissed for failure to prosecute. Defendants deny the remaining allegations and averments in paragraph 13 of the Amended Complaint.

11. With regard to the allegations and averments in paragraph 14 of the Amended Complaint, Defendants admit that Defendant Milligan was named in a lawsuit filed by Irman Jones that was dismissed with prejudice. Defendant City of Aurora admits that the City of Aurora reached a settlement with Mr. Jones with no admission of liability by the City. Defendants deny all remaining allegations and averments in paragraph 14 of the Amended Complaint.

12. With regard to the allegations and averments in paragraph 16 of the Amended Complaint, Defendants admit that Defendant Milligan has never been disciplined by the Aurora Police Department for making false reports or for assaulting witnesses or civilians. Defendants deny the remaining allegations and averments in

paragraph 16 of the Amended Complaint.

13. With regard to the allegations and averments in paragraph 17 of the Amended Complaint, Defendants admit that Defendant Milligan responded to a call for service in 2014 and contacted Gaye O'Malley, who was arrested. Defendants deny the remaining allegations and averments in paragraph 17 of the Amended Complaint.

14. With regard to the allegations and averments in paragraph 21 of the Amended Complaint, Defendants admit that at approximately 23:50 on November 9, 2016, Defendant Milligan pulled Plaintiff over due to defective taillights on the vehicle Plaintiff was driving. Defendants deny the remaining allegations and averments in paragraph 21 of the Amended Complaint.

15. With regard to the allegations and averments in paragraph 22 of the Amended Complaint, Defendants deny that officers were dispatched to respond to his location solely as back-up officers. Defendants admit the remaining allegations and averments in paragraph 22 of the Amended Complaint.

16. With regard to the allegations and averments in paragraph 23 of the Amended Complaint, Defendants admit that Defendant Milligan examined Plaintiff's driver's license and vehicle registration and that he observed an open beer container in Plaintiff's vehicle. Defendants further admit that Plaintiff was asked to exit his vehicle during this encounter, that Plaintiff was patted down and, at one point, Defendant Milligan asked Plaintiff to sit on the curb. Defendants deny the remaining allegations and averments in paragraph 23 of the Amended Complaint.

17. With regard to the allegations and averments in paragraph 24 of the

Amended Complaint, Defendants admit that, during Defendant Milligan's contact with Plaintiff, he learned that Plaintiff was on parole and that Officer Sotelo had observed a bottle of tequila containing what appeared to be alcohol in the passenger compartment of the vehicle that Plaintiff was driving. Defendants deny the remaining allegations and averments in paragraph 24 of the Amended Complaint.

18. With regard to the allegations and averments in paragraph 29 of the Amended Complaint, Defendants admit that Plaintiff remained in custody pending the resolution of criminal charges. Defendants deny the remaining allegations and averments in paragraph 29 of the Amended Complaint.

19. With regard to the allegations and averments in paragraphs 36, 37, 38, 39, 40, 41, 42, and 43 of the Amended Complaint, Defendant Milligan is without sufficient knowledge or information thereof to form a belief as to the truth or falsity of the allegations and averments in said paragraphs and, therefore, denies the same.

20. With regard to the allegations and averments in paragraph 36 of the Amended Complaint, Defendant City of Aurora admits that Aurora police officers contacted Vanessa Peoples, an African-American woman, in 2017. Ms. Peoples was subsequently charged with obstructing a police officer. The City of Aurora reached a settlement with Ms. Peoples to resolve all of her potential claims against the City with no admission of liability by the City of Aurora. Defendant City of Aurora denies the remaining allegations and averments in paragraph 36 of the Complaint.

21. With regard to the allegations and averments in paragraph 37 of the Amended Complaint, Defendant City of Aurora admits that officers contacted Brandon

Washington, an African-American male, in 2017, after a traffic accident. Defendant City of Aurora further admits that Mr. Washington was charged with resisting arrest, among other offenses and that the charges were later dismissed. Defendant City of Aurora denies the remaining allegations and averments in paragraph 37 of the Amended Complaint.

22. With regard to the allegations and averments in paragraph 38 of the Amended Complaint, Defendant City of Aurora admits that Aurora police officers contacted Jaime Alberto Torres Soto in 2016 in response to a noise complaint. Defendant City of Aurora further admits that Mr. Torres was found not guilty of resisting arrest and failure to obey a lawful order after a jury trial. Defendant City of Aurora denies the remaining allegations and averments in paragraph 38 of the Amended Complaint.

23. With regard to the allegations and averments in paragraph 39 of the Amended Complaint, Defendant City of Aurora admits that the City reached a settlement with Omar Hassan with no admission of liability by the City of Aurora. Defendant City of Aurora denies all remaining allegations and averments in paragraph 39 of the Amended Complaint.

24. With regard to the allegations and averments in paragraph 40 of the Amended Complaint, Defendant City of Aurora admits that the City reached a settlement with OyZhana Williams, an African-American woman, with no admission of liability by the City of Aurora. Defendant City of Aurora denies all remaining allegations and averments in paragraph 40 of the Amended Complaint.

25. With regard to the allegations and averments in paragraph 41 of the

Amended Complaint, Defendant City of Aurora admits that it reached a settlement with Dwight Crews with no admission of liability by the City. Defendant City of Aurora denies all remaining allegations and averments in paragraph 41 of the Amended Complaint.

26. With regard to the allegations and averments in paragraph 42 of the Amended Complaint, Defendant City of Aurora admits that police officers contacted Rickey Burrell, an African-American man and that the City of Aurora reached a settlement with no admission of liability by the City. Defendant City of Aurora denies all remaining allegations and averments in paragraph 42 of the Amended Complaint.

27. With regard to the allegations and averments in paragraph 43 of the Amended Complaint, Defendant City of Aurora admits that police officers contacted Duane Williams in 2008 and that the City reached a settlement with Mr. Williams with no admission of liability by the City. Defendant City of Aurora denies all remaining allegations and averments in paragraph 43 of the Amended Complaint.

## Answer to Section V Claims for Relief

### Answer to First Claim for Relief
42 U.S.C. § 1983 – Unlawful Search and Detention in Violation of the Fourth Amendment (Against Defendant Milligan)

28. Defendants hereby incorporate paragraphs 1-27 of this Answer as if fully set forth herein.

29. Defendants admit the allegations and averments in paragraphs 46 and 47 of the Amended Complaint.

30. With regard to the allegations and averments in paragraph 48 of the Amended Complaint, Defendants admit that Defendant Milligan had reasonable grounds

7

to investigate whether Plaintiff was driving under the influence. Defendants deny all remaining allegations and averments in paragraph 48 of the Amended Complaint.

31. Defendants deny the allegations and averments in paragraphs 49 and 50 of the Amended Complaint.

**Answer to Second Claim for Relief**
42 U.S.C. 1983 – Malicious Prosecution in Violation of the Fourth & Fourteenth Amendments (against Defendant Milligan)

32. Defendants hereby incorporate paragraphs 1-31 of this Answer as if fully set forth herein.

33. Defendants admit the allegations and averments in paragraphs 52 and 53 of the Amended Complaint.

34. Defendants deny the allegations and averments in paragraphs 54, 55, 56, 57, and 59 of the Amended Complaint.

35. With regard to the allegations and averments in paragraph 58 of the Amended Complaint, Defendants admit that Plaintiff was found not guilty of all charges on April 13, 2018. Defendants deny the remaining allegations and averments in paragraph 58 of the Amended Complaint.

**Answer to Third Claim for Relief**
42 U.S.C. 1983 – Manufacturing False Inculpatory Evidence in Violation of the Fourteenth Amendment (against Defendant Milligan)

36. Defendants hereby incorporate paragraphs 1-35 of this Answer as if fully set forth herein.

37. Defendants admit the allegations and averments in paragraphs 61 and 62 of the Amended Complaint.

38. Defendants deny the allegations and averments in paragraphs 63, 64, 65, 66, and 67 of the Amended Complaint.

**Answer to Fourth Claim For Relief**
<u>42 U.S.C. 1983 – Racially Biased Policing in Violation of the Fourteenth Amendment (against Defendant Milligan and Defendant City of Aurora)</u>

39. Defendants hereby incorporate paragraphs 1-38 of this Answer as if fully set forth herein.

40. Defendants admit the allegations and averments in paragraphs 69, 70, and 72 of the Amended Complaint.

41. With regard to the allegations and averments in paragraphs 71 and 76 of the Amended Complaint, such allegations are simply a partial statement of the law to which no response is required.

42. Defendants deny the allegations and averments in paragraphs 73, 74, 75, and 77 of the Amended Complaint.

**Answer to Fifth Claim For Relief**
<u>42 U.S.C. 1983 – Deliberately Indifferent Training, Supervision, and Discipline Resulting in Constitutional Violations (Against Defendant City of Aurora)</u>

43. Defendants hereby incorporate paragraphs 1-42 of this Answer as if fully set forth herein.

44. Defendants admit the allegations and averments in paragraphs 79 and 80 of the Amended Complaint.

45. With regard to the allegations and averments in paragraph 81 of the Amended Complaint, such allegations are simply a partial statement of the law to which no response is required.

46. Defendants deny the allegations and averments in paragraphs 82, 83, 84, and 85 of the Amended Complaint.

### Answer to Prayer for Relief

Plaintiff's Prayer for Relief is void of a claim or allegation of any kind and, therefore, a response is not warranted. To the extent a response is required, Defendants deny the allegations in the Prayer for Relief of the Complaint.

### GENERAL DENIAL

Other than as to those allegations and averments specifically admitted herein, Defendants deny all allegations and averments asserted in the Amended Complaint and further deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every Claim for Relief set forth therein fails to state a valid claim upon which the relief prayed for may be granted.

2. Plaintiff has failed to mitigate his damages, if any, as required by law.

3. Plaintiff's alleged injuries and damages, if any, were the result of Plaintiff's own negligent, intentional, and/or unlawful conduct or the negligent, intentional, and/or unlawful conduct of a third party, which negligent, intentional, and/or unlawful conduct operates to bar or reduce the liability of Defendants, if any.

4. Defendant Milligan was properly exercising his public duties pursuant to C.R.S. § 18-1-701. Further, Defendant Milligan was properly exercising his police powers

and the authority vested in him by virtue of C.R.S. §§ 16-3-101, 16-3-102 (a) and (b) and 16-3-103.

5. Defendant Milligan is entitled to qualified immunity on Plaintiff's § 1983 claims because he did not engage in any conduct violative of Plaintiffs' constitutional rights or violative of law that was clearly established at the time of the actions complained of. Defendant Milligan's actions were, at all times undertaken with a good faith belief in their lawfulness and were objectively reasonable under the circumstances with which Defendant Milligan was confronted.

6. Subject-matter jurisdiction is lacking inasmuch as Plaintiff's claims fail to rise to the level of a deprivation of federal constitutional rights.

7. The allegations and averments against individually named Defendant Milligan, to the extent that they purport to assert cognizable claims under any theory of law, constitute mere allegations of negligence or mistake which do not rise to the level of a constitutional injury or deprivation sufficient to confer jurisdiction upon this Court.

8. Plaintiff's claims are limited or barred by operation of the Doctrines of Issue and Claim Preclusion.

9. Defendant City of Aurora cannot be liable to Plaintiff on the basis of vicarious liability or *respondeat superior*.

10. Plaintiff has failed to adequately allege, and cannot establish, that the alleged constitutional violations enumerated in his Complaint arose from a policy, custom, or practice of the City of Aurora which was the motivating force behind an alleged violation of Plaintiff's constitutional rights.

11. Plaintiff has failed to allege, and cannot establish, an affirmative link between the actions of the individually named officer and the alleged constitutional injury. Further, Plaintiff has not adequately alleged and cannot establish that the officer, individually or in combination, personally participated or acquiesced in any alleged constitutional deprivation upon which Plaintiff's claims are asserted.

12. The actions of the Defendants were, at all times, in furtherance of legitimate law-enforcement purposes and were not based upon Plaintiff's membership in any protected class of individuals.

13. Defendants reserve the right to assert any and all additional affirmative defenses.

WHEREFORE, Defendants, having fully answered Plaintiff's Amended Complaint, respectfully request that this Court dismiss Plaintiff's Amended Complaint and enter such further relief as the Court deems just and proper.

Dated this 1st day of October, 2019.

*s/ Isabelle Sabra Evans*
Isabelle Sabra Evans
Peter Ruben Morales
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado  80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
Email: ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Defendant Milligan in his official capacity*

*s/ Marc F. Colin*
Marc F. Colin
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO 80202
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
mcolin@brunolawyers.com
*Counsel for Defendant Milligan in his individual capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2019 a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was filed via CM/ECF, which will serve all parties of record, to the following:

David J. Furtado
Brad Kloewer, Esq.
Furtado Law PC
3773 Cherry Creek North Drive, Suite 755
Denver, Colorado 80209
E-mail: dfurtado@furtadlaw.com
brad@furtadolaw.com
*Counsel for Plaintiff*

*s/ Joanne Flaherty*
Joanne Flaherty, Sr. Legal Secretary